UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                      :

DELVILLE BENNETT,                                         :

                      Plaintiff,                              :                    11 Civ. 8715 (JMF)

          -v-                                          :                    OPINION AND ORDER

OFFICER WESLEY, ET AL.,                                   :

              Defendants.                             :

-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiff Delville Bennett brings this action, *pro se*, against Defendants Raymond S.

Koskowski, Jr., former Deputy Superintendant of Green Haven Correctional Facility ("Green

Haven"), and Green Haven correction officers Mark Wesley and James Thorpe, pursuant to Title

42, United States Code, Section 1983.[1]  In his Complaint, Bennett alleges that Defendants

violated his constitutional rights under the Eighth Amendment while he was incarcerated at

Green Haven.  Defendants have moved, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure, for dismissal of the Complaint in its entirety because (1) Defendants

are protected by Eleventh Amendment immunity, (2) Plaintiff failed to exhaust his

administrative remedies as required by the Prison Litigation Reform Act of 1995, (3) Plaintiff

failed to state valid constitutional claims, (4) there was no personal involvement by Koskowski,

and (5) Koskowski is entitled to qualified immunity.  (Docket No. 44).  For the reasons stated

below, Plaintiff's claims for monetary damages against Defendants in their official capacities are

---

[1]      As Defendants note, Plaintiff's Complaint and the docket sheet misspell Defendant
Wesley's name as "Westley."  (*See* Defs.' Mem. in Supp. 1 n.1).  Accordingly, the Clerk of the
Court is directed to conform the caption of this case to the caption on this Opinion and Order.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Apr 29, 2013

dismissed with prejudice as barred by the Eleventh Amendment.  Defendants' motion to dismiss

for failure to exhaust is converted into a motion for summary judgment and is granted.

### BACKGROUND

The following facts are taken from the Complaint and evidence submitted by the parties.

The Court assumes these facts to be true for the purpose of deciding this motion and construes

them in the light most favorable to Plaintiff.  *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp.,*

*PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).  Bennett is a New York State prison inmate currently

incarcerated at the Franklin Correctional Facility in Malone, New York.  (Docket No. 59).  At all

times relevant to this action, however, Plaintiff was incarcerated at Green Haven.

Plaintiff's Complaint alleges two sets of incidents in which Defendants harassed,

assaulted, threatened, and retaliated against him, subjecting him to cruel and unusual punishment

in violation of his constitutional rights.  (Docket No. 2).  First, Plaintiff alleges that on May 25,

2010, while he was outside of his cell, Officer Wesley pushed him up against a wall and frisked

him.  (Compl. ¶¶ 22-23).  Wesley removed items from Plaintiff's pockets and threw them on the

floor, placed his hands between Plaintiff's legs, and grabbed and squeezed Plaintiff's testicles,

causing Plaintiff to cry out in pain.  (*Id.* ¶¶ 22-24).  Wesley then slammed Plaintiff's back against

the wall, squeezed his throat, blew cigarette smoke into his face, and threatened him with future

assault if Wesley saw Plaintiff "looking at any other females."  (*Id.* ¶¶ 25-26).  According to the

Complaint, Officer Thorpe then pushed Plaintiff back into his cell and both officers confiscated

Plaintiff's property.  (*Id.* ¶ 26).  Plaintiff subsequently requested an "Emergency Sick-Call," but

Wesley threatened Plaintiff that reporting to "Sick-Call" would not be in his "best interest."  (*Id.*

¶ 27).  Plaintiff contends that for approximately one week following this incident, Wesley and

Thorpe harassed him and denied him medical attention, "call-outs" to Green Haven's law library,

as well as meals and recreational periods.  (*Id.* ¶ 28).  Plaintiff further alleges that he was not allowed to leave his cell for five to seven days after the incident.  (*Id.* ¶ 29).

On May 27, 2010, Plaintiff spoke with Koskowski concerning the May 25th incident and the alleged harassment.  (*Id.* ¶ 30).  Koskowski told Plaintiff to send him a letter explaining what happened, which Plaintiff did on May 31, 2010.  (*Id.*).  Plaintiff contends that he never received a response to his letter, although he states that the period of harassment ceased on June 1, 2010. (*Id.* ¶¶ 30, 42).

The second set of incidents occurred in mid-July 2010.  On July 7, 2010, after experiencing conflict with his cellmate, Plaintiff alleges that he sent a confidential communication to Green Haven's Movement and Control Officer, requesting a change in cell. (*Id.* ¶ 31).  On or around July 12, 2010, Wesley read Plaintiff's letter aloud to his cellmate and then disconnected the electricity in Plaintiff's cell.  (*Id.* ¶¶ 32-33).  Subsequently, Plaintiff sent a letter to Koskowski requesting a complete investigation as to why the confidential communication was disclosed.  (*Id.* ¶ 35).  Plaintiff alleges that Koskowski never responded in writing or interviewed Plaintiff regarding this second incident.  (*Id.*).

Plaintiff commenced this action on November 28, 2011.  (Docket No. 2).  Plaintiff seeks a declaratory judgment that Defendants violated his constitutional rights.  He also seeks compensatory and punitive damages.  (Compl. Prayer for Relief).  On December 21, 2012, Defendants filed the instant motion.  (Docket No. 44).

## DISCUSSION

### A.  Standard of Review

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court ordinarily "must confine itself to the four corners of the complaint."  *Staehr v. Hartford Fin.*

*Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).  Where, as in this case, "exhaustion of administrative remedies is a prerequisite to bringing suit, a court may take judicial notice of the records and reports of the relevant administrative bodies, as well as the facts set forth therein." *Wilson v. N.Y.C. Police Dep't*, No. 09 Civ. 2632 (PAC) (HBP), 2011 WL 1215031, at *6 (S.D.N.Y. Feb. 4), *report and recommendation adopted*, 2011 WL 1215735 (S.D.N.Y. Mar. 25, 2011) (citing *Smart v. Goord*, 441 F. Supp. 2d 631, 637-38 (S.D.N.Y. 2006), *reconsidered in part*, No. 04 Civ. 8850 (RWS), 2008 WL 591230 (S.D.N.Y. Mar. 3, 2008)).

When a party submits additional materials for the court to consider, the court has discretion to either disregard the materials outside the pleadings or, after giving the parties "a reasonable opportunity to present all the material that is pertinent to the motion," convert the motion to dismiss into one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(d); *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 66 n.1 (2d Cir. 2008).  Exercise of such discretion will turn on "whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action."  *Stephens v. Bayview Nursing & Rehab. Ctr.*, No. 07 Civ. 596 (JFB) (AKT), 2008 WL 728896, at *2 (E.D.N.Y. Mar. 17, 2008) (internal quotation marks omitted).

Here, the Court concludes in its discretion that conversion of Defendants' motion to dismiss is proper.  Specifically, Defendants expressly referenced and submitted materials outside of the pleadings for the Court's consideration.  Defendants gave notice to Plaintiff that the Court might treat Defendants' Rule 12(b)(6) motion as a motion for summary judgment, and informed Plaintiff that if he did not respond "by filing sworn affidavits and other papers as required by Rule 56(e)," his "COMPLAINT MAY BE DISMISSED."  (*See* Docket No. 47).  *See, e.g.*, *Hernandez v. Coffey*, 582 F.3d 303, 308 n.2 (2d Cir. 2009) (citing cases finding that a Local Rule

12.1 Notice provides sufficient notice to *pro se* parties).  In his opposition brief, Plaintiff cited the legal standard on a motion for summary judgment and presented materials that he thought were pertinent to a summary judgment motion.  Thus, the Court will review Defendants' converted motion under the governing standards for summary judgment.

Summary judgment is appropriate when the record demonstrates that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, that demonstrate the absence of a genuine issue of material fact.  *See* Fed. R. Civ. P. 56(a), (c); *Celotex*, 477 U.S. at 323.  In ruling on a motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Plaintiff is proceeding *pro se*.  Therefore, his submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also Thompson v. Tom Vazquez Janitorial*, No. 05 Civ. 808 (CBA), 2006 WL 3422664, at *2 (E.D.N.Y. Nov. 28, 2006) (noting that a court "must construe the *pro*

*se* plaintiff's claims liberally in deciding the motion for summary judgment"). "This is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Nevertheless, *pro se* plaintiffs are not excused from the normal rules of summary judgment, and a *pro se* party's bald assertion, unsupported by evidence, is not sufficient to overcome a motion for summary judgment. *Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir. 2003).

## B.  Eleventh Amendment Immunity

Plaintiff has sued all Defendants in both their official and individual capacities, seeking both declaratory relief and monetary damages. (Compl. ¶ 11). Absent a waiver or valid congressional override, the Eleventh Amendment bars an action for damages by a private plaintiff against a state. *See Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). This immunity also extends to state officials acting in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). New York State has not waived its immunity, and Congress has not abrogated the state's immunity, for suits pursuant to Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 342-43 (1979). Accordingly, damages are not recoverable in a Section 1983 action against state officials acting in their official capacities. *See, e.g.*, *Davis v. New York*, 316 F.3d 93, 101-02 (2d Cir. 2002). Thus, Plaintiff's claims seeking monetary damages against the Defendants in their official capacity are dismissed with prejudice.

## C.  Exhaustion of Administrative Remedies

The remainder of Plaintiff's claims are subject to dismissal for failure to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all available administrative remedies before he can bring an action with respect to prison conditions. *See* 42 U.S.C. § 1997e(a) (codification of exhaustion requirement); *Woodford v.*

*Ngo*, 548 U.S. 81, 93-103 (2006).  "Exhaustion is 'mandatory' and 'applies to all inmate suits

about prison life, whether they involve general circumstances or particular episodes.'"

*Hernandez*, 582 F.3d at 305 (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).  "Section

1997e(a) requires 'proper exhaustion,' which 'means using all steps that the agency holds out,

and doing so properly (so that the agency addresses the issues on the merits).'"  *Id.* (quoting

*Woodford*, 548 U.S. at 90).  Merely "[a]lert[ing] the prison officials as to the nature of the wrong

for which redress is sought does not constitute proper exhaustion."  *Macias v. Zenk*, 495 F.3d 37,

44 (2d Cir. 2007) (internal quotation marks and citation omitted).  Nor does an "untimely or

otherwise procedurally defective administrative grievance."  *Woodford*, 548 U.S. at 83.  The

failure to exhaust is an affirmative defense that must be raised by Defendants.  *See Jones v. Bock*,

549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004).

In order to properly exhaust his or her administrative remedies, an inmate must complete

the administrative review process in accordance with the applicable state rules.  *See Jones*, 549

U.S. at 218-19.  The New York State Department of Correctional Services ("DOCS") has

established a three-tiered inmate grievance procedure.  *See* 7 N.Y.C.R.R. § 701.5.  First, the

prisoner files a grievance with the Inmate Grievance Resolution Committee ("IGRC").  *Id.* §

701.5(b).  Second, the prisoner may appeal an adverse IGRC decision to the facility

superintendent, and third, the prisoner may appeal an adverse decision by the superintendent to

the Central Office Review Committee (the "CORC").  *Id.* §§ 701.5(c)-(d).  A prisoner

incarcerated by DOCS must exhaust all of the steps of the Inmate Grievance Resolution Program

("IGRP") before bringing an action in this Court.

Here, Plaintiff did not exhaust his administrative remedies.  *See Ferguson v. Jones*, No.

10 Civ. 817 (PGG), 2011 WL 4344434, at *5 (S.D.N.Y. Sept. 12, 2011) (dismissing the

complaint on exhaustion grounds even though the prisoner claimed in his complaint that he had exhausted his remedies).  In his Complaint, Plaintiff alleges that he "has given the New York State [D]epartment of Corrections and Community Services' highest administrative body an opportunity to review his claims, thus satisfying the exhaustion requirements of 42 U.S.C. § 1997e(a)."  (Compl. ¶ 37).  Although Plaintiff did file a grievance with Green Haven describing some of the allegations in his Complaint ("Grievance Number GH 69672-10"), the CORC's records demonstrate that he never appealed the grievance to the CORC.  (*See* Bellamy Decl. ¶¶ 2-4 & Ex. A).

In his opposition to Defendants' motion, Plaintiff submits an August 14, 2010 letter that he states is an appeal to the CORC.  (*See* Pl. Mem. in Opp'n Ex. A).  The CORC, however, has no evidence of this letter or any other indication that Plaintiff appealed Grievance Number GH 69672-10.  (*See* Bellamy Decl. Ex. A).  Moreover, even if the CORC had received the letter, Plaintiff would not have exhausted his remedies, as Plaintiff has not alleged that he filed Form #2133, which is required to properly file an appeal with CORC.  *See* 7 N.Y.C.R.R. § 701.5(d)(1)(i) ("If the grievant or any direct party wishes to appeal to the CORC, he or she must complete and sign Form #2133 and submit it to the grievance clerk within seven calendar days after receipt of the superintendent's written response to the grievance."); *see also Muniz v. Goord*, 9:04 Civ. 479, 2008 U.S. Dist. LEXIS 112039, at *32-41 (N.D.N.Y. Jun. 30), *adopted by* 2008 U.S. Dist. LEXIS 73700 (N.D.N.Y. Sept. 10, 2008) (holding that a prisoner's failure to complete Form #2133 was not a technical mistake that excused non-compliance with the PLRA and granting defendants' motion for summary judgment on exhaustion grounds).

Further, even drawing all inferences in Plaintiff's favor and assuming that Plaintiff did, in fact, appeal to the CORC, he never received a response from CORC.  (*See* Defs.' Mem. in Supp.

7; Bellamy Decl. Ex. A).  A final decision by the CORC is required in order to exhaust administrative remedies, and because there is no indication that Plaintiff ever received such a decision, he has failed to exhaust his administrative remedies.  *See, e.g.*, *Torres v. Carry*, 672 F. Supp. 2d 338, 344 (S.D.N.Y. 2009) ("The Court declines to find that Torres has fully exhausted his administrative remedies even though he has allegedly complied with all of the steps required of him under applicable DOCS regulations because there is no evidence that a final decision by the CORC has been rendered on Torres's appeal."); *see also Thompson v. Bellevue Hosp.*, No. 9:09 Civ. 1038 (NAM/GHL), 2011 WL 4369132, at *11 (N.D.N.Y. Aug. 29, 2011) (same).

Prior to the Supreme Court's decision in *Woodford v. Ngo*, 548 U.S. 81, the Second Circuit and some district courts had established certain exceptions or limitations to the exhaustion requirement.  *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (recognizing the unavailability of administrative remedies, forfeiture, estoppel, and special circumstances as exemptions to the exhaustion requirement).  Although *Woodford*'s holding that "untimely or otherwise procedurally defective administrative grievance[s] or appeal[s]" do not satisfy the PLRA exhaustion requirement casts some doubt on the soundness of these cases, the Second Circuit has not resolved whether any court-made exceptions to the exhaustion requirement survive.  *See Amador v. Andrews*, 655 F.3d 89, 102 (2d Cir. 2011) (recognizing that *Woodford* called the latter two *Hemphill* exceptions into question but declining to resolve the issue).  *But see Messa v. Goord*, 652 F.3d 305, 309-10 (2d Cir. 2011) (treating the *Hemphill* exemptions as good law and finding that a prisoner is not entitled to a jury trial on the issue of whether he has asserted a valid excuse for non-exhaustion); *Pooler v. Nassau Univ. Med. Ctr.*, 848 F. Supp. 2d 332, 340 (E.D.N.Y. 2012) (treating the *Hemphill* framework as good law in the wake of *Messa*).

The Court need not resolve in this case whether *Hemphill* remains good law, as Plaintiff's

claims must be dismissed for failure to exhaust either way.  First, as discussed above,

administrative remedies were in fact available to Plaintiff.  Even assuming that Plaintiff filed an

appeal and that CORC failed to timely respond (or did not respond at all), "the Court of Appeals

has not adopted the position . . . that a delay in responding to a grievance demonstrates *per se*

unavailability."  *Mateo v. O'Connor*, No. 10 Civ. 8426 (LAP), 2012 WL 1075830, at \*7

(S.D.N.Y. Mar. 29, 2012) (dismissing case for failure to exhaust and rejecting plaintiff's

argument that the superintendent's untimely response and CORC's alleged failure to reply

rendered the grievance procedure "unavailable"); *see also Rivera v. Anna M. Kross Ctr.*, No. 10

Civ. 8696 (RJH), 2012 WL 383941, at \*4 (S.D.N.Y. Feb. 7, 2012) (citing *Hemphill*, 380 F.3d at

686 n.6).  Further, Plaintiff's familiarity with the grievance process and his receipt of other

decisions of appeals from CORC demonstrate that the administrative process was "available" to

him and that he could reasonably have inquired with CORC as to the status of his appeal.  *Mateo*,

2012 WL 1075830, at \*7-8.

Additionally, Defendants preserved the exhaustion defense by asserting it in their motion

to dismiss the complaint, and Plaintiff has not alleged –   much less produced evidence of –   any

conduct on the part of the Defendants that deterred or inhibited his filing of a grievance.  Finally,

Plaintiff has not alleged any special circumstances, such as a reasonable misunderstanding of the

grievance procedure, that would justify his failure to exhaust administrative remedies.  *See*

*Hemphill*, 380 F.3d at 686 (explaining that the court "should consider whether 'special

circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the

administrative procedural requirements" (citations and internal quotations omitted)).  Indeed,

Plaintiff has shown that he is capable of following the correct grievance procedure, as he has

appealed twenty-five grievances to CORC since 2003.  (Bellamy Decl. Ex. A).

Where, as here, a prisoner has failed to exhaust his available administrative remedies, "the law is clear that the appropriate disposition of [the] unexhausted claims is dismissal without prejudice."  *Mateo v. Ercole*, No. 08 Civ. 10450 (RJH) (DCF), 2010 WL 3629520, at *6 (S.D.N.Y. Sept. 17, 2010) (internal quotation marks omitted); *see also Doe v. Goord*, No. 04 Civ. 570 (GBD) (AJP), 2004 WL 2829876, at *8 (S.D.N.Y. Dec. 10, 2004) (report and recommendation) ("Dismissal of an action for failure to exhaust administrative remedies ordinarily is without prejudice.").  "This is so even when the issue is decided on a motion for summary judgment," *Mateo*, 2010 WL 3629520, at *6, particularly because "[f]ailure to exhaust administrative remedies is often a temporary, curable procedural flaw," *Goord*, 2004 WL 2829876, at *8 (quoting *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2003)).  In this case, therefore, the appropriate disposition is to dismiss Plaintiff's suit without prejudice to allow him an opportunity to re-file after having exhausted his administrative remedies.  As noted above, however, Plaintiff's claims for monetary damages against all Defendants in their official capacities are barred by the Eleventh Amendment and may not be re-asserted in any future complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Docket No. 44) is converted to a motion for summary judgment and is GRANTED.  Plaintiff's claims for monetary damages against all Defendants in their official capacities are dismissed with prejudice.  The remaining claims in Plaintiff's Complaint are dismissed without prejudice for failure to exhaust under the PLRA.  The Clerk of the Court is directed to conform the caption of this case to the caption on

this Opinion and Order, to mail a copy of this Opinion and Order to Plaintiff, and to close this

case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an

appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated:  April 29, 2013
          New York, New York

_____
JESSE M. FURMAN
United States District Judge